IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD KOPAL and LISA KOPAL,

    Plaintiffs,

    v.

MARTEN TRANSPORT, LTD., et al.,

    Defendants.

No. Civ. 05-363 DFL KJM

MEMORANDUM OF OPINION AND ORDER

    Defendants Marten Transport and Leslie D. Bigby ("defendants") move to dismiss plaintiff intervenor Stevens Transportation, Inc. ("Stevens"), arguing that Stevens' claims are barred by the statute of limitations. The parties only lightly briefed the issues. For the reasons stated below, the court: (1) denies defendants' motion to dismiss Stevens' first cause of action in intervention; and (2) grants defendants' motion to dismiss Stevens' direct claim for negligence.

I.

    In the underlying case, plaintiffs Ronald ("Kopal") and Lisa Kopal brought this action for an accident that occurred on March

1

8, 2003.  (Third Am. Compl. in Intervention ("TACI") ¶¶ I-II.) At the time of the accident, Stevens employed Kopal.  (Id. ¶ II.) Stevens paid Kopal's medical expenses and disability benefits resulting from the accident under its Employee Retirement Insurance Security Act ("ERISA") plan.  (Id. at ¶¶ IV-V.)

On July 11, 2005, the court granted Stevens' motion to intervene in the action.  (7/11/2005 Order.)  Accordingly, Stevens filed a complaint-in-intervention on March 22, 2006, and an amended complaint ("FACI") on March 28, 2006, seeking to recover the money it paid to Kopal and his health-care providers. (FACI ¶ VIII.)  On April 7, 2006, defendants filed a motion to dismiss Stevens' amended complaint, arguing that Stevens could not seek monetary damages under ERISA.  (Mot. to Dismiss Am. Compl. at 5 (citing Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 122 S.Ct. 708 (2002)).)  However, because Stevens' complaint was unclear as to whether it sought monetary damages under a legal theory other than ERISA, the court permitted Stevens to file a Third Amended Complaint ("TACI") and a Supporting Memorandum of Points and Authorities by May 31, 2006 (P&As), to clarify the basis of suit and the court's jurisdiction.  The court then gave defendants a renewed opportunity to make a motion to dismiss.

Stevens contends that its amended complaint makes two claims under state law: an indirect claim, based on the Kopal's tort claim, for "intervention seeking recovery of monetary benefits paid to date," and a second, direct tort claim for "recovery of

2

monetary damages incurred as a proximate result of the negligence of defendants." (P&As at 2.) Stevens clarifies that neither of its claims implicates, or is based upon, ERISA. (Id. at 2-3.) Rather, on Steven's view, the court's jurisdiction is based solely upon the diversity of the parties. (Id.) Finally, Stevens asserts that its claims are not preempted by ERISA, because they do not "have a requisite 'connection with' or 'reference to' an ERISA plan." (P&As at 6 (citing Providence v. McDowell, 385 F.3d 1168 (9th Cir. 2004)).) (Id.)

Defendants filed a motion to dismiss which does not take issue with Stevens' contentions concerning jurisdiction or ERISA preemption. Rather, defendants assert that Stevens' claims are untimely under the applicable state statute of limitations. (Mot. to Dismiss Third Am. Compl. at 2.)

II.

A. Stevens' First Cause of Action

Both parties agree that the statute of limitations for the Kopals' negligence action is two years and that the same statute of limitations applies to Stevens' complaint-in-intervention. (Mot. at 4, Opp'n at 3.) According to defendants, however, it is not enough that the Kopals' complaint was timely; rather, defendants contend, Stevens' claim in intervention must also have been filed within two years of the accident.

California law is more flexible and sensible than defendants give it credit for. California law recognizes that when a claim in intervention is brought that is the same as the underlying

3

1  claim, it suffices to satisfy the purposes of the statute of
2  limitations that the underlying claim be timely filed because
3  defendant has been put on notice of the nature and extent of its
4  liability.  However, when the derivative claim is materially
5  different than the underlying claim, then it does not suffice
6  that the underlying claim has been timely filed.  See Basin
7  Constr. Corp., 199 Cal.App.3d at 824-25 (Where intervening
8  plaintiff seeks damages different from those sought by original
9  plaintiff, the complaint in intervention does not relate back.).
10      Here, Stevens only seeks to recover the amount of benefits
11 it paid as a result of defendants' alleged negligence.  Kopal
12 also makes a claim for these same damages.  Unlike the subrogee
13 in Basin Construction Corp., supra, Stevens seeks no additional
14 damages.  Because Stevens' claim is not a separate cause of
15 action from the Kopals, but rather is based on the same set of
16 facts, the same legal theory, and involves a lesser subset of the
17 exact same damages, the first claim in intervention is timely
18 given that the Kopals' complaint was timely.  See Quiroz v.
19 Seventh Ave. Ctr., 140 Cal.App.4th 1256, 1278 (2006) (complaint-
20 in-intervention filed after the limitations period is timely
21 where it makes the same claim as the underlying claim); Andersen
22 v. Barton Mem'l Hosp., Inc., 166 Cal.App.3d 678, 684-85 (1985)
23 (in workers' compensation action employer's action in
24 intervention is interchangeable with the employee's action;
25 statute of limitations satisfied if either employer or employee
26 timely files);  Harrison v. Englebrick, 254 Cal.App.2d 871, 874

(1967) (same).

B. <u>Stevens' Direct Claim for Negligence</u>

At oral argument, Stevens contended that Cal. Labor Code § 3853 allows Stevens to bring its own, direct claim for negligence at any time prior to trial, regardless of the two-year statute of limitations. However, even if § 3853 applied to the first claim – which is itself uncertain given that the claim is not based on the workers' compensation scheme – it does not apply to direct actions. <u>State Comp. Ins. Fund v. Selma Trailer & Mfg. Co.</u>, 210 Cal.App.3d 740, 751 (1989) (noting that § 3853 allows the intervenor to avoid the statute of limitations for personal injury actions that would otherwise apply if they filed independent lawsuits).

Because a two-year statute of limitations applies to a negligence claim in California, Cal. Code Civ. P. § 335.1, Stevens' direct claim for negligence is time-barred.

III.

For these reasons, the court: (1) denies defendants' motion to dismiss Stevens' first claim in intervention; and (2) grants defendants' motion to dismiss Stevens' direct claim for negligence.

IT IS SO ORDERED.

Dated: August 14, 2006

                                 /s/ David F. Levi
                                 DAVID F. LEVI
                                 United States District Judge