UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONALD KOPAL, et al.,

    Plaintiffs,

  v.

MARTEN TRANSPORT, et al.,

    Defendants.
_____/

AND RELATED COMPLAINT-IN-INTERVENTION
_____/

No. CIV S-05-363-DFL-JFM

PRETRIAL CONFERENCE ORDER

Pursuant to court order, a Pretrial Conference was held on May 22, 2007 at 2:00 p.m. Suzanne M. Trimble, Esq. appeared as counsel for plaintiff in intervention, Stevens Transport, Inc., and Kevin J. Gray, Esq. appeared for defendants Marten Transport, Ltd. and Leslie D. Bigby. After hearing, the court makes the following findings and orders:

I.   JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. §§ 1332 and 1441,

and has previously been found to be proper by order of this court, as has venue. Those orders are confirmed.

## II. JURY/NON-JURY

The case will be tried to a jury of nine.

## III. STATEMENT TO BE READ TO JURY

Seven days prior to trial the parties shall submit a joint statement of the case that may be read to the jury at the beginning of jury selection.

## IV. UNDISPUTED FACTS

On March 8, 2003, while in the process of parking a tractor-trailer owned by defendant Marten Transportation in a parking space at the Flying J Truckstop in Ripon, California, defendant Leslie D. Bibgy backed his tractor-trailer into the tractor-trailer owned by Stevens Transport, Inc. The tractor-trailer owned by Stevens Transport, Inc. was parked in a space at the Flying J Truckstop. Plaintiff Ronald Kopal was in the tractor-trailer owned by Stevens Transport, Inc.

Plaintiff in intervention Stevens Transport, Inc. has paid benefits to and on behalf of its employee as a result of the incident.

The undisputed facts may be treated as stipulations.

## V. DISPUTED FACTUAL ISSUES

Plaintiff claims that the force of the collision caused plaintiff Ronald Kopal to fall out of the upper sleeper berth of the tractor-trailer injuring himself. Plaintiff alleges that as

2

a result of this fall, plaintiff Ronald Kopal suffered injuries to his neck and shoulder and subsequently required neck and right shoulder surgery.

Defendants dispute these allegations and claim that the force of the impact was not great enough to cause plaintiff Ronald Kopal to fall from the sleeper berth, or cause him any injury.

Further, defendants dispute the monetary claims of plaintiff in intervention, asserting that sums paid to or on behalf of plaintiff Ronald Kopal were not paid for accident-related reasons.

## VI.  DISPUTED EVIDENTIARY ISSUES

Defendants intend to bring the following motion:

Motion to bifurcate liability and damages portions of the trial.

Plaintiff in intervention intends to bring the following motion:

Motion in limine under Daubert v. Merrell Down Pharmaradicals, Inc. 509 U.S. 579 (1993) to exclude any biomechanical opinions by Daniel S. Girvan on the grounds he is not qualified.

## VII.  RELIEF SOUGHT

Plaintiff in intervention Stevens Transport, Inc. seeks reimbursement for all monetary benefits paid to or on behalf of

its employee Ronald Kopal as a consequence of the accident.

## VIII.   POINTS OF LAW

The parties shall brief the following points of law in their trial briefs: Elements of Stevens' claim for reimbursement and any affirmative defenses.

The parties are free to brief any additional points of law necessary for resolution at trial.

Trial briefs shall be filed with the court no later than seven(7) days prior to the date of trial.

## IX.   ABANDONED ISSUES

1.   The general damage claims of plaintiff Ronald Kopal as damages to be recovered by him.

2.   The entirety of all claims brought by plaintiff Lisa Kopal.

## X.   WITNESSES

Plaintiff in intervention intends to call the following witnesses at trial:

William Tallent

Ronald Kopal

Charles Lovelace, M.D.

John Teig Port, M.D.

Pierre Herding, M.D.

Charles D. Mitchell, M.D.

David E. Ostrow, M.D.

1  Alfred Bugbee
2  William P. Duffy, M.D.
3  Jonathan S. Katz, M.D.
4  Gary T. Moran Ph.D.
5  Bernie Louis McCaskill, M.D.
6  Leslie D. Bigby
7  Dr. Joel Holliday.
8  Dr. Sam Kokoris.
9  Dr. B. Carmona.
10 Dr. Daniel Dow.
11 Dr. Harold Wagner.
12 Dr. Rerb Sol Ellman.
13 Dr. Abdallah Adham.
14 Dr. Alfonso Cardenas.
15 Dr. Yuri Lemeshev.
16 Dr. Abraham Abdo.
17 Dr. Jonathan Chrest.
18 Dr. Ahmed Elsehety.
19 Dr. Basim Jishi.
20 Dr. Steve Thompson.
21 Dr. Norvia Parr.
22 Dr. Randall Askins.
23 Dr. Randolf Leone.
24 Dr. Jack Nylund.
25
26

1   Dr. Dale Fisher.
2   Dr. Leonard Nadalo.
3   Dr. Richard Aldridge.
4   Dr. Bo Wang.
5   Dr. Ikechukwu Wsuji.
6   Dr. Richard Allison.
7   Dr. Robert Edmunson.
8   Dr. Gary King.
9   Dr. Pal Mathai.
10  Dr. Carla Anderson.
11  Dr. J. Cooper McKee.
12  Dr. Sidd Lo Zakaria.
13  Dr. Michael Carrol.
14  Dr. Elizabeth Eversull.
15  Dr. Butfi Basatnch.
16  Dr. Alfonso Cardenas.
17  Defendant anticipates calling the following witnesses:
18  Ronald Kopal
19  Lisa Kopal
20  Leslie D. Bigby
21  Patricia Bigby
22  Charles Lovelace, M.D.
23  John Teig Port, M.D.
24  Pierre Herding, M.D.
25
26

1       Charles D. Mitchell, M.D.

2       David E. Ostrow, M.D.

3       Alfred Bugbee

4       Dharampal S. Johal, M.D.

5       William C. Bergman, M.D.

6       Robert Z. Bruckman, M.D.

7       Daniel S. Girvan

8       Each party may call a witness designated by the other.

9       A.   No other witnesses will be permitted to testify unless:

10           (1)  The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

             (2)  The witness was discovered after the Pretrial Conference and the proffering party makes the showing required in "B" below.

        B.   Upon the post-Pretrial discovery of witnesses, the attorney shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify.  The evidence will not be permitted unless:

             (1)  The witnesses could not reasonably have been discovered prior to Pretrial;

             (2)  The court and opposing counsel were promptly

7

notified upon discovery of the witnesses;

    (3)  If time permitted, counsel proffered the witnesses for deposition;

    (4)  If time did not permit, a reasonable summary of the witnesses' testimony was provided opposing counsel.

### XI. EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiff in intervention intends to offer the following exhibits:

1. Photographs of interior of cab showing plaintiff's position at various times.
2. Photographs of damage to truck from accident.
3. Incident report.
4. Summary of medical bills.
5. Medical treatment chart showing history of treatment.
6. Videotape of truck in motion.
7. Tape recording at independent medical examination by Dr. William C. Bergman and transcript of same.
8. Tape of independent medical examination by Dr. Robert Z. Bruckman and transcript of same.
9. Videotaped oral deposition of Dr. Charles Lovelace.
10. Videotaped oral deposition of Dr. John Teig Port.
11. Videotaped oral deposition of Dr. Pierre Herding.
12. Videotaped deposition of Dr. Charles D. Mitchell.
13. Videotaped deposition of Dr. David E. Ostrow.

14. Wage loss material, including W-2's produced by Stevens Transport, Inc.

15. Diagram of accident prepared by plaintiff.

16. All medical bills presented to plaintiff in intervention for payment, and all documents indicating payment by plaintiff in intervention.

17. All documents indicating payment of disability wages by plaintiff in intervention to plaintiff Ronald Kopal.

Defendant intends to introduce the following exhibits:

A. Blow-ups of diagrams attached to the report of Daniel S. Girvan.

B. Photographs of damage to Stevens' Transportation's tractor-trailer.

C. Plaintiff Ronald Kopal's medical records.

D. Transcript of Ronald Kopal's deposition.

E. Transcript of Lisa Kopal's deposition.

F. Videotaped oral deposition of Dr. Charles Lovelace.

G. Videotaped oral deposition of Dr. John Teig Port.

H. Videotaped oral deposition of Dr. Pierre Herding.

I. Videotaped deposition of Dr. Charles D. Mitchell.

J. Videotaped deposition of Dr. David E. Ostrow.

K. Plaintiff Ronald Kopal's employment records.

L. Transcript of Dharampal S. Johal, M.D.'s deposition.

M. Transcript of William C. Bergman, M.D.'s deposition.

1        N.   Transcript of Robert Z. Bruckman, M.D.'s deposition.

2        O.   Transcript of Daniel S. Girvan's deposition.

3        Each party may use an exhibit designated by the other.

4        A.   No other exhibits will be permitted to be introduced
5   unless:

6             (1)  The party proffering the exhibit demonstrates
7   that the exhibit is for the purpose of rebutting evidence which
8   could not be reasonably anticipated at the Pretrial Conference,
9   or

10            (2)  The exhibit was discovered after the Pretrial
11  Conference and the proffering party makes the showing required
12  in paragraph "B," below.

13       B.   Upon the post-Pretrial discovery of exhibits, the
14  attorneys shall promptly inform the court and opposing counsel
15  of the existence of such exhibits so that the court may consider
16  at trial their admissibility.  The exhibits will not be received
17  unless the proffering party demonstrates:

18            (1)  The exhibits could not reasonably have been
19  discovered prior to Pretrial;

20            (2)  The court and counsel were promptly informed of
21  their existence;

22            (3)  Counsel forwarded a copy of the exhibit(s) (if
23  physically possible) to opposing counsel.  If the exhibit(s) may
24  not be copied, the proffering counsel must show that he has made

10

the exhibit(s) reasonably available for inspection by opposing counsel.

As to each exhibit, each party is ordered to exchange copies of the exhibit not later than fifteen (15) days from the date of this Pretrial Order.  Each party is then granted ten (10) days to object to the exhibit.  In making the objection, the party is to set forth the grounds for the objection.  The objections shall be served within 10 days and then filed within a reasonable time at least 7 days prior to trial.  The attorney for each party is directed to appear before and present an original and one (1) copy of said exhibit to Harry Vine, Deputy Courtroom Clerk, at 8:30 a.m. on the date set for trial or at such earlier time as may be agreed upon.  As to each exhibit which is not objected to, it shall be marked and may be received into evidence on motion and will require no further foundation.  Each exhibit which is objected to will be marked for identification only.

## XII.  DISCOVERY DOCUMENTS

Plaintiff intends to offer at trial (1) defendants responses to discovery and (2) the videotaped trial preservation deposition testimony of Charles Lovelace, M.D., John Teig Port, M.D., Pierre Herding, M.D., Charles D. Mitchell, M.D., David E. Ostrow, M.D.

Defendants intend to offer at trial the (1) plaintiffs'

11

responses to defendants interrogatories; (2) the videotaped trial preservation deposition testimony of Charles Lovelace, M.D., John Teig Port, M.D., Pierre Herding, M.D., Charles D. Mitchell, M.D., David E. Ostrow, M.D., (3) deposition testimony of plaintiff Ronald Kopal and (4) depositions of all other witnesses not available at trial.

Plaintiff in intervention intends to offer at trial (1) defendants responses to discovery and (2) plaintiffs' responses to discovery and (3) the videotaped trial preservation deposition testimony of Charles Lovelace, M.D., John Teig Port, M.D., Pierre Herding, M.D., Charles D. Mitchell, M.D., David E. Ostrow, M.D., deposition testimony of plaintiff Ronald Kopal, and depositions of all other witnesses not available at trial.

### XIII.  FURTHER DISCOVERY OR MOTIONS

Pursuant to the court's Status Conference Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Pretrial Conference.  That order is confirmed.  The parties are free to do anything they desire pursuant to informal agreement.  However, any such agreement will not be enforceable in this court.

### XIV.  STIPULATIONS

The parties stipulate that neither will show anything to the jury in opening statements without prior review by opposing counsel and approval of the court.

12

XV.   AMENDMENTS/DISMISSALS

The parties do not request leave to amend their pleadings.

XVI.   FURTHER TRIAL PREPARATION

A.   Counsel are directed to Local Rule 16-285 regarding the contents of trial briefs.  Such briefs should be filed seven (7) days prior to trial.

B.   Counsel are further directed to confer and to attempt to agree upon a joint set of jury instructions.  The joint set of instructions shall be lodged with the court clerk seven (7) calendar days prior to the date of the trial and shall be identified as the "Jury Instructions Without Objection."  As to instructions as to which there is dispute the parties shall submit the instruction(s) as its package of proposed jury instructions the first day of trial.

The parties are requested to submit a disc of all proposed jury instructions in word perfect 8.0.

C.   It is the duty of counsel to ensure that any deposition which is to be used at trial has been filed with the Clerk of the Court.  Counsel are cautioned that a failure to discharge this duty may result in the court precluding use of the deposition or imposition of such other sanctions as the court deems appropriate.

D.   The parties are ordered to file with the court and exchange between themselves not later than one (1) week before

13

the trial a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

    E.   The parties are ordered to file with the court and exchange between themselves not later than one (1) week before trial the portions of Answers to Interrogatories which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

    F.   Each party may submit proposed voir dire questions the party would like the court to put to prospective jurors during jury selection.  Proposed voir dire should be submitted one (1) week prior to trial.  The court will permit each side 10 minutes of supplemental voir dire.

### XVII.  AGREED STATEMENTS

Presentation of all or part of the action upon an agreed statement of facts is not feasible.

### XVIII.  SEPARATE TRIAL OF ISSUES

Defendants reserve the right to move to bifurcate the issue of liability from damages.

### XIX.  ATTORNEYS' FEES

The matter of the award of attorneys' fees to prevailing parties pursuant to statute will be handled by motion in accordance with Local Rule 54-293.

## XX. EXPERTS

Stevens may call treating doctors as expert witnesses if those doctors were listed on its pre-complaint disclosure and if any opinion, sought to be introduced at trial, has been the subject of deposition testimony.

## XXI. SCHEDULING OF PRE-TRIAL MOTIONS

The parties shall file all pre-trial motions by June 15, 2007. Opposition shall be filed by June 29, 2007. Any reply shall be filed by July 20, 2007. The motions shall be hear on August 21, 2007 at 9 a.m. The pre-trial motions subject to this schedule include any in limine motions, any motion under Daubert, defendants' motion to bifurcate, and Stevens' motion for application of the Labor Code 3852 presumption.

## XXII. OBJECTIONS TO PRETRIAL ORDER

Each party is granted seven (7) days from the date of this Pretrial Order to object to it.

IT IS SO ORDERED.

DATED: May 23, 2007

/s/ David F. Levi
DAVID F. LEVI
United States District Judge